UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
and STATE OF FLORIDA,
*ex rel.* MICHAEL E. MONTEJO, M.D.,

     Plaintiffs,

v.                                                                    CASE NO. 8:13-cv-206-T-23JSS

ADVENTIST HEALTH SYSTEM
SUNBELT HEALTHCARE CORP, et al.,

     Defendants.
_____/

## **ORDER**

     After initially declining (Doc. 24) to intervene in this *qui tam* action, the United

States moves (Doc. 63) to intervene.[1]  Under 31 U.S.C. § 3730(c)(3), if the United

States "elects not to proceed with the action . . . the court . . . may nevertheless

permit the [United States] to intervene at a later date upon a showing of good cause."

The United States argues that good cause exists (1) because the relator assents to the

proposed intervention, (2) because the United States has only now "completed its

investigation" of the claims, and (3) because "government intervention at this stage

will not prejudice the Defendants or this proceeding."  (Doc. 63 at 1)

_____

    [1] After initially declining to intervene, the United States intervened (Doc. 31) in part and
settled (Doc. 40) the claims against one defendant. The relator amended (Doc. 41) the complaint to
allege claims against only the two remaining defendants. Now the United States moves to intervene
in the remaining claims.

The defendants dispute that the relator assents to the proposed intervention, and the relator declares (Doc. 71-1) that he opposes the proposed intervention.[2]  The relator's counsel admits (Doc. 72-1) that he (either fraudulently or mistakenly) "informed [the United States] that Relator consent[s]" to the proposed intervention.

Further, the defendants correctly respond that good cause "is not established merely because the United States continued its investigation."  (Doc. 66 at 11)  The United States fails to assert discovery of new evidence justifying intervention.  *See United States v. Aseracare Inc.*, 2012 WL 4479123, at *3 (N.D. Ala. Sept. 24, 2012) (Bowdre, J.) (granting intervention because of new evidence and because of the "full support" of the relators); *United States ex rel. Hall v. Schwartzman*, 887 F. Supp. 60, 62 (E.D.N.Y. 1995) (Gold, Mag. J.) (granting intervention because the United States discovered "new and significant evidence which . . . altered its view of the magnitude of the alleged fraud").

Finally, the defendants respond that "Defendants and Relator would be substantially prejudiced by intervention at this time."  (Doc. 66 at 15)  The relator confirms (1) that he "desire[s] to dismiss [the action] consistent with the mediated settlement agreement" with the defendants and (2) that he "feel[s] that [he] will be greatly prejudiced if the United States is permitted to intervene at this late date." (Doc. 71-1 at 2)  *See United States ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*,

---

[2] A July 16, 2015 order (Doc. 67) directs the relator to respond to the United States' motion to intervene.

2011 WL 4480846, at *2 (M.D. Fla. Sept. 27, 2011) (Presnell, J.) (granting intervention because the "Defendants offer nothing to suggest that they (or the relator) would be unduly prejudiced by the Government's intervention in this matter"); *see also United States ex rel. Stone v. Rockwell Int'l Corp.*, 950 F. Supp. 1046, 1049 (D. Colo. 1996) (Matsch, J.) ("[T]he 'good cause' requirement of § 3730(c)(3) was intended to protect the interests of the relator.").

Because the United States fails to show good cause for intervention, the motion (Doc. 63) to intervene is **DENIED**.  The United States' motion (Doc. 68) for leave to reply is **DENIED**.  The relator's motion (Doc. 60) for an extension of time to file a case management report is **GRANTED IN PART**.  No later than **AUGUST 7, 2015**, the relator must file a case management report.

ORDERED in Tampa, Florida, on July 27, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE